THE PRESIDENT AND DIRECTORS OF THE UNION BANK
*against* CLOSSEY AND OTHERS.

In an action of   THIS was an action of debt on a *bond*, upon the *condition*,
debt on a bond
conditioned   " that if the defendant (*Clossey*) shall well and faithfully per-
that C., a clerk   form the duties assigned to, and trusts reposed in him, as *first tel-*
in a bank,
should " well   *ler*," &c. to the plaintiffs.
and faithfully
perform the       *Pleas.* 1. *Non est factum ;*  2. *Non damnificatus.*
duties assigned
to, and trusts    *Replication* to the 2d plea, assigning breaches pursuant to the
reposed in, him   statute, to wit: 1. That while *Clossey* was such *first teller*, he
as *first* teller,"
&c. the plain-   received divers large sums of money, amounting to 1,639 dollars
tiffs, in their re-   and 95 cents, which, contrary to the intent and meaning of the
plication, as-
signed breach-   condition of the said bond, and contrary to his duty in that be-
es, that C., as
first teller, in-   half, he appropriated and applied to his own use, and has not in
tentionally and
fraudulently,   any manner accounted for, &c.; 2. That while the said *Clossey*
deceived and
defrauded the   was such *first teller*, &c. he did not well and faithfully perform
plaintiffs, by   the duties assigned to, and trusts reposed in, him as such first
making   false
entries and   teller, in this, that he, the said *Clossey*, intentionally and fraudu-
statements in
the books of   lently deceived, and defrauded the plaintiffs, by making and
the plaintiffs, of   keeping false and erroneous entries, statements and accounts in
moneys receiv-
ed and paid   the books of account of the plaintiffs, of the moneys by him,
him, &c by rea-
son whereof,   from time to time, received and paid for the plaintiffs, &c. by
the plaintiffs
lost, &c and that C., knowingly and fraudulently, concealed and kept secret, deficiencies of sums of
money, of which he was in arrear to the plaintiffs, for moneys received, &c.

    The defendants *rejoined* that the false entries, &c. if any, and arrearages, if any, took place and
accrued by means of over payments made by C., *by mistake*, and not otherwise.

    On demurrer the rejoinders were held bad, for not answering the breaches as to the fraudulent
concealment, &c. and not taking issue on the points tendered in the replication

    Whether the losses alleged to have been sustained by the plaintiffs arose from fraud and con-
cealment, or not, was matter of fact for a jury.  But admitting the losses to have arisen from the
fraudulent concealment of a transaction originally innocent, the sureties were liable on the bond.

means whereof another large sum of money, to wit, the sum of 1,639 dollars and 93 cents, was lost to the plaintiffs; 3. That while the said *Clossey* was such first teller, he did not well and faithfully perform the duties assigned to, and trusts reposed in him, &c. in this, that he, as such first teller, knowingly and fraudulently, kept secret and concealed, contrary to his duty as such first teller, in that behalf, from the plaintiffs, the deficiency of a large sum of money, to wit, other the sum of 1,639 dollars and 95 cents, in which sum the said *Clossey* was and is in arrear and deficient to the plaintiffs, for account of moneys received by him as such first teller, and for money paid, &c. for a long time, &c. By reason whereof the said sum of money was wholly lost to the plaintiffs, &c.

*Rejoinder*, with protestation, as to the *first* breach, that the sum of money mentioned, &c. never came to the hands of *Clossey*, nor any other sum above one hundred dollars, &c. taking issue thereon.

2. As to the *second* breach, that the false entries, statements, &c. mentioned, if any, were of and concerning divers sums of money overpaid, by *mistake* of the said *Clossey*, as first teller, &c. and not otherwise.

3. That as to the third breach assigned, &c. that the sum of 500 dollars only, was in arrear and deficient of all the sums mentioned, &c. and such deficiency and arrears accrued by reason of over payments, *by mistake*, by the said *Clossey*, &c. and not otherwise.

4. *Non damnificatus*, as to the second and third breaches assigned, tendering issue to the country.

*General demurrers* to the rejoinders to the 2d and 3d breaches; and joinder in demurrer.

The cause was submitted to the court without argument. (See S. C. 10 *Johns. Rep.* 271.)

*Per Curiam.* When this case was before the court, on a former occasion, we gave a construction to the condition of the bond. It was considered as a *security* for the honesty of *Clossey*, in his *trust*, and not for his competency; and that, consequently, a *mistake* in over paying a check, could not be alleged as a breach of trust. (10 *Johns. Rep.* 273.) The second breach assigned in the replication alleges a deceit and fraud by *Clossey*, in keeping and making false entries in the plaintiffs' books, by

stating that balances remained in his hands, when, in truth, there were no such balances, but smaller ones, contrary to his duty, by reason whereof the plaintiffs lost 1,639 dollars and 95 cents. The third breach alleges that *Clossey*, fraudulently concealed, contrary to his duty, the deficiency of a like sum in which he was in arrear, for money had and received, and paid and laid out on the plaintiffs' account, between certain periods, when he was first teller, by means whereof the aforesaid sum was lost to the plaintiffs.

The rejoinders to these breaches state, that the false entries, if made, and the arrearages, if any, took place and accrued, by reason of over payments made by *Clossey*, by mistake, and not otherwise. To these rejoinders the plaintiffs have demurred, and the defendants have joined in demurrer.

It is very clear that the rejoinders do not take issue on the points tendered in the replications. The plaintiffs allege a loss by the deceit and fraudulent entries made in their books of account; and also a loss by a fraudulent concealment of a deficiency in the moneys received by *Clossey*. If these losses arose from mistakes, in the first instance innocent, and the fraudulent concealment produced a damage, the acts made use of to conceal the mistake, in the one case, was a *suggestio falsi*, and the concealment itself, was a *suppressio veri;* both acts are unfaithful, and are alleged to have produced losses. That such losses have been produced, is matter of fact to be shown on the trial. Admitting them to have arisen from acts of fraud and concealment, in regard to a transaction originally innocent, the court have no doubt but *Clossey* and his sureties are answerable; and for not taking issue on the fraud, and the loss consequent thereon, the rejoinders demurred to are bad.

Judgment for the plaintiffs, with leave to the defendants to amend on payment of costs.